Clarence W. & Melba E. Ahlbin v. Commissioner.
Clarence W. & Ahlbin v. Commissioner
Docket No. 14047.
United States Tax Court
1948 Tax Ct. Memo LEXIS 32; 7 T.C.M. (CCH) 870; T.C.M. (RIA) 48237; November 19, 1948
*32 Preston D. Orem, Esq., for the petitioners. Earl C. Crouter, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent has determined deficiencies in income and victory taxes for the calendar years 1943, 1944 and 1945, in the amounts of $271.33, $329.62 and $20.80, respectively. By an amendment to his answer the respondent seeks to increase the deficiency for 1945 to $298.37. The respondent also asserts a 5 per cent penalty for negligence against both the petitioners. Findings of Fact The petitioners were husband and wife residing together in Los Angeles, California, during the taxable years involved, and filed joint returns with the collector of internal revenue for the 6th district of California, at Los Angeles. They have since been divorced and petitioner, Melba E. Ahlbin, now remarried, is appearing here as Melba E. Parr. On their returns for the taxable years involved the petitioners reported joint income from all sources in the amounts of $2,322.21 in 1943, $2,756.17 in 1944, and $2,403.07 in 1945. From these amounts they deducted various expenses and other deductions in the amounts of $1,077.33 for 1943, $1,433.14 for 1944, *33 and $1,297.25 for 1945. The respondent disallowed the full amounts of all deductions claimed for all three taxable years. The claimed deductions included substantial amounts for business expenses, contributions, taxes, losses from casualties and thefts, and medical expenses. There were also deductions claimed for interest payments in the years 1943 and 1944. Opinion LEMIRE, Judge: By disallowing the deductions of all of the items claimed by the petitioners in their returns the respondent has placed the burden of proof on the petitioners to establish the facts essential to allowance of all the deductions they claimed. The only evidence introduced by petitioners, in addition to their own testimony, consisted of documents to support deductions of $134.03 in 1943 and $134.57 in 1944 for mortgage interest and taxes on realty which they owned. The only evidence furnished to support the rest of petitioners' claimed deductions for these taxable years is the testimony of the petitioners themselves. Counsel for the petitioners questioned them item by item concerning each of the claimed deductions which they attempted to establish, using the returns to refresh their memory. The petitioners *34 admitted that they did not remember many of the items clearly and had merely estimated the amounts, in the absence of records. They testified that they previously had receipts and other records of some of the items but had lost or destroyed them when they broke up housekeeping and separated. The petitioners evidently did not give serious attention to the preparation of their returns or to the presentation of their case to this Court. For the most part they failed to sustain the burden of proof placed upon them. We are convinced, however, from the evidence as a whole that they were required to pay certain interest and taxes and had some expenses in connection with their employment. The evidence indicates also that they made some deductible contributions and incurred deductible losses of various types. We find on the evidence that the petitioners are entitled to deductions in the taxable years involved in the aggregate amounts of $540 in 1943, $625 in 1944, and $400 in 1945. These amounts include the deductions of all classes to which the petitioners are entitled. They do not include any allowance for medical expenses in excess of 5 per cent of adjusted gross income for any of the *35 taxable years involved. We sustain the respondent in his assertion of the 5 per cent negligence penalty. Decision will be entered under Rule 50